IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00354-CV

 

Sonny Wilson,

                                                                                    Appellant

 v.

 

TDCJ-ID,

                                                                                    Appellee

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 23,819

 



MEMORANDUM  Opinion










 

            Sonny Wilson, an inmate, filed a
lawsuit against the Texas Department of Criminal Justice, Correctional
Institutions Division for the alleged loss and destruction of some of his
personal property.  The trial court granted TDCJ’s plea to the jurisdiction,
and Wilson appealed.  We affirm. 

Plea to the Jurisdiction

            In his first issue, Wilson contends
that the trial court erred in granting TDCJ’s plea to the jurisdiction. 
Specifically, he argues that because he raised claims under the Texas and United States Constitutions and the Texas Government Code, not just the Texas
Tort Claims Act, granting the plea to the jurisdiction was improper.  He also
argues that the State has waived immunity under the Texas Tort Claims Act for
property taken from inmates.

            Generally, the State of Texas has sovereign immunity from suit unless waived by the Legislature.  State v.
Shumake, 199 S.W.3d 279, 283 (Tex. 2006); Gen. Servs. Comm'n v.
Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001).  Immunity from
suit defeats a trial court's subject matter jurisdiction and is properly
asserted in a plea to the jurisdiction.  Tex. Dep't of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 225-226 (Tex. 2004).  Under the Texas
Tort Claims Act, as it pertains to this case, a governmental unit in the state
is liable for property damage proximately caused by the wrongful act or
omission or the negligence of an employee acting within his scope of employment
if the property damage arises from the operation or use of a
motor-driven vehicle or motor-driven equipment and the employee would be personally
liable to the claimant according to Texas law.  Tex. Civ. Prac. & Rem. Code Ann. § 101.0021 (Vernon
2005).

            Wilson specifically alleged in his
original petition and in his first supplemental petition that his claim arose
under the Texas Tort Claims Act.  Wilson did not allege any claim under the Texas or United States Constitutions nor did he allege any claim under the Texas Government
Code.  Further, Wilson did not allege that his property damage arose out of the
use of a motor vehicle or motor driven equipment.  Thus, the Texas Tort Claims
Act does not waive immunity for Wilson’s claim.  Because immunity was not
waived, the trial court did not err in granting TDCJ’s plea to the
jurisdiction.  Wilson’s first issue is overruled.

Amend Pleadings

            In his second issue, Wilson argues
that he should have been allowed to amend his pleadings.  A pleader must be
given an opportunity to amend in response to a plea to the jurisdiction only if
it is possible to cure the pleading defect.  Tex. A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 840 (Tex. 2007).  However, a plaintiff's
suit should be dismissed when either the pleadings alone or the jurisdictional
evidence demonstrates that the plaintiff's suit incurably falls outside any
waiver of sovereign immunity.  Id.  Here, Wilson’s pleadings alone
demonstrate that his suit incurably falls outside any waiver of sovereign
immunity.  Accordingly, the trial court did not err in failing to allow Wilson to amend his pleadings, and Wilson’s second issue is overruled.  

Undue Prejudice

            In his fourth issue, Wilson contends
that he was possibly subjected to undue prejudice by the trial court.  
Specifically, Wilson complains that he had no opportunity to organize his
documents during argument in the trial court, and was not allowed to respond
after TDCJ’s argument.  He also complains that the order granting the plea to
the jurisdiction reflects that the trial court considered the plea to the
jurisdiction.  Wilson believes that that recitation means that the court did
not consider his pleadings.  Further, Wilson complains that a smiley
face made out of exclamation marks on a printed docket sheet, which is not in
the record before us, indicates the trial court was happy to close Wilson’s case.  

            Wilson has not presented any case authority
which would suggest that these instances subjected him to undue prejudice.  Tex. R. App. P. 38.1(i).  Accordingly,
this issue is improperly briefed and presents nothing for review.  Id. 33.1.  Wilson’s fourth issue is overruled.

Conclusion

            Because the trial court granted TDCJ’s
plea to the jurisdiction and not its motion to dismiss pursuant to Chapter 14
of the Civil Practice and Remedies Code, we need not address Wilson’s third
issue about the propriety of such a dismissal.

            Having overruled each issue properly
before us and necessary for a resolution of this appeal, we affirm the judgment
of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed December 8, 2010

[CV06]